UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEWIS,<br><br>            Plaintiff,<br><br>vs.<br><br>DR. WANG, et al.,<br><br>            Defendants | Case No. 1:12 cv 01867 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.        Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, incarcerated at California State Prison Corcoran, brings this civil rights action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran. Plaintiff names the following individual defendants: J. Wang, M.D.; Dr. Clark, M.D.; W. Ulit, M.D.; C. Sisoda, P.A.; R. Gill, D.O. Plaintiff claims that Defendants have denied him adequate medical care in violation of the Eighth

2

Amendment and have retaliated against him for filing inmate grievances in violation of the First Amendment.

Plaintiff alleges that he has difficulty in climbing stairs due to "spontaneous numbness." Plaintiff alleges that he "sometimes nearly falls" down the stairs because of his condition. Plaintiff alleges that his condition is worsening due to "inadequate or no medical treatment." Plaintiff requested a permanent lower floor cell chrono in order to prevent further injury. Plaintiff alleges that in response, Defendants retaliated by taking away all of Plaintiff's "chromos/medical necessities."

The Court initially notes that Plaintiff names five individual defendants, yet fails to allege facts charging each of them with specific, independent conduct that caused Plaintiff injury. Plaintiff may not hold individuals liable by simply listing them as defendants and charging conduct to defendants in general.   In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

3

response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth generalized allegations regarding his health care, but fails to charge each of the individual defendants with conduct indicating that they knew of and disregarded a risk to Plaintiff's health, resulting in injury to Plaintiff.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

4

Further, attached as an exhibit to Plaintiff's complaint is a copy of the Director's Level decision regarding Plaintiff's inmate grievance no. COR HC 12049232.[1] In this grievance, Plaintiff challenged the denial of his request for a permanent CDC 7410, Comprehensive Accommodation Chrono, to avoid going up and down the stairs during shower time. The decision indicates that Plaintiff's appeal was denied on the following grounds:

> The CDC 7410 was renewed annually, as medical conditions of the patient may improve or worsen. In your case it was determined that your condition improved.
>
> In 2008, you had a magnetic resonance imaging (MRI) scan which showed mild disc bulging and facet arthorpathy.
>
> On January 20, 2012, you were scheduled for an x-ray which you refused, claiming your problem was neurological. Your refusal prevented further medical intervention and study to be done.
>
> Your condition for a lower bunk chrono improved over time; therefore, you no longer qualified per the Inmate Medical Services Policies and Procedure, Volume 4, Chapter 23.
>
> At the Director's Level Review (DLR), received June 11, 2012, you restate your issues and concerns as noted above. At the DLR, your appeal file and documents obtained from your Unit Health Record were reviewed by licensed clinical staff and revealed the following:
>
> You have received evaluation and treatment regarding low back pain including physical therapy consultation, as determined to be medically indicated by your PCP, who is familiar with your medical history, as well as your medical records.

---

[1] **Error! Main Document Only.** The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

5

> On June 14, 2012, you were most recently evaluated by your PCP who noted chronic low back pain with a good degree of control, clinical status stable, and no neurological deficit by examination.
>
> On July 16, 2012, you were evaluated by nursing staff for complaints of low back pain and right leg pain; staff documented observation that you could stand, sit, bend, and walk without difficulty and you refused the offer of pain medication.

Plaintiff's own exhibit establishes that his request was considered, and was denied on the ground that, in the view of medical professionals, his condition had improved. Plaintiff's allegations, at most, indicate a disagreement with that diagnosis. Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff must allege facts indicating deliberate indifference on the part of each defendant. He has failed to do so here. Plaintiff's medical care claim should therefore be dismissed.

    **B.**    **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

2005); accord <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995)(quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." <u>Pratt</u>, 65 F.3d at 808.

Here, Plaintiff's exhibit contradicts his allegation that his request for a permanent chrono was denied on the ground that he filed an inmate grievance. Plaintiff's exhibit establishes that the grievance was denied on the ground that, in the opinion of medical professionals, Plaintiff's condition had improved. Plaintiff may not simply assert that the denial was in retaliation for filing the grievance. Plaintiff must allege some fact to support his conclusory allegation. This is particularly so in light of the fact that his own exhibits indicate that the request was denied on medical grounds.

### III.   **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

7

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 6, 2013**            /s/
**Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

9